H. D. BOOGE v. WALTER SCOTT *et al.*

FINDINGS—*Judgment, When not Reversed.* Where special findings are immaterial, a judgment will not be reversed, although there may be no evidence to support such findings.

*Error from Shawnee District Court.*

THE facts are stated in the opinion herein, filed November 7, 1891.

*H. H. Harris,* for plaintiff in error.

*C. M. Foster,* and *J. G. Slonecker,* for defendants in error.

Opinion by GREEN, C.: This was an action in the nature of ejectment, brought by the plaintiff in error to recover lot

109 and the north half of lot 111, on Taylor street, in the city of Topeka. The district court found for the defendants, and the plaintiff brings the case here. The material facts are: That the real estate sued for was a part of an Indian float, which was purchased by C. K. Holliday, president of a company known as the Topeka Association, and became a part of the Topeka town-site. The land was divided into shares, and Milton C. Dickey became the owner of the property in question. On the 16th day of February, 1858, he conveyed the lot and a half described in the plaintiff's petition, with other land, to Benj. J. Fisk, by a deed of special warranty, which was immediately recorded in the office of the register of deeds of Shawnee county. The Topeka Association authorized C. K. Holliday, as its trustee, to convey the legal title to the lots to the parties who had drawn them, or to their grantees. On the 10th day of July, 1858, Benj. J. Fisk reconveyed the lots he had received a deed for to Milton C. Dickey, but described the lots as being situated on Tyler instead of Taylor street. On September 24, 1859, Dickey conveyed the lots to Saunders R. Shepherd, who deeded the same to Joseph F. Cummings. On November 1, 1859, C. K. Holliday, as president and special trustee, conveyed the lots to Sarah Harlan Cummings, the wife of the grantee last named, and from her there is a regular chain of title to Walter Scott, one of the defendants in error. On the 24th day of September, 1887, Fisk conveyed the property to Milo J. Goss, by quitclaim deed, and on the 7th day of November following Goss conveyed the same to the plaintiff in error, who had no notice that Fisk had attempted to convey this same property to anyone else. This property was vacant until 1882, when it was occupied, and has been in the possession of the defendants ever since. The plaintiff had no actual notice that the deed from Dickey to Fisk was claimed to be a mortgage. The case was tried by the court, and, among others, the following special findings of fact were made:

"1. On February 9, 1858, Milton C. Dickey borrowed from Benj. J. Fisk $100, and, as security therefor, Dickey

made to Fisk a deed of conveyance for the land described in plaintiff's petition.

"2. On July 10, 1858, Dickey repaid Fisk the $100, and on the same day Fisk made a deed of conveyance of certain lots, but by mistake of the conveyancer in preparing the deed, or the register in recording the same, the lots described in the deed as recorded were designated as being on Tyler street, when in fact Fisk intended to convey to Dickey lots numbered 109, 111, and 113, on Taylor street.

"3. Fisk never owned lots numbered 109, 111, and 113, on Tyler street, in the city of Topeka; and the Topeka Association, or C. K. Holliday as trustee, never executed to Dickey any writing whereby it or he agreed to convey to Dickey the lots described in the plaintiff's petition."

The case-made shows that the only evidence introduced to support the above findings of fact was the deposition of Benj. J. Fisk, and a deed from him to Dickey. Complaint is made that Fisk, who testified by deposition, was permitted to give evidence as to what a certain diary, which he had kept, showed concerning the transaction between him and Dickey; that without this evidence these findings are unsupported; and with them eliminated from the case the judgment should be for the plaintiff. We do not think that the findings complained of are material. The plaintiff must recover upon the strength of his own title, which he alleges was a legal one. The common source of title was from Holliday, as trustee, ·who held the legal title until he conveyed to Cummings, from whom the chain is complete to the defendants; and there is no deed from the Topeka Association to the plaintiff or any of his grantors. Before the plaintiff can recover in an action in the nature of ejectment, he must show that he has either an equitable or a legal title to the real estate. In this case the plaintiff relied upon a legal title, and we cannot say that the three special findings complained of are material; and therefore the judgment should not be reversed because there was no competent evidence to support it.

We recommend an affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The facts in the case of *Booge v. Scott,* just decided, and the questions of law maintained therein, being substantially the same as in the case of H. D. Booge v. Lizzie P. Huntoon *et al.,* this case will be decided upon the authority of that case.    Judgment affirmed.